# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY JOY LACAZE** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **WALMART STORES, INC. AND** | * | **MAGISTRATE JUDGE** |
| **WALMART LOUISIANA, LLC** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**TO:** The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

PLEASE TAKE NOTICE that defendants, WAL-MART LOUISIANA, LLC (incorrectly referred to as Walmart Louisiana, LLC) and WALMART STORES, INC., (collectively "Walmart"), without waiving, and specifically reserving all rights, defenses, objections, and exceptions, hereby removes the case captioned, "Mary Joy LaCaze versus Walmart Stores, Inc. and Walmart Louisiana, LLC," Civil Docket No. 699335 from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant under the provisions of 28 U.S.C. § 1441(b), in that it is a civil action among diverse parties who are citizens of different states and foreign countries, and Plaintiff's claims involve an amount in controversy that exceeds

$75,000, exclusive of costs and interests.

2.

Plaintiff, Mary Joy LaCaze, commenced the action by filing a Petition for Damages (see Exhibit "A") on September 4, 2020, against Walmart Stores, Inc. and Walmart Louisiana, LLC in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

3.

Walmart was served through its agent for service of process, CT Corporation, on September 18, 2020, with Plaintiff's Petition for Damages (see CT Corporation Service of Process Transmittal Notice attached hereto as Exhibit "B").

4.

The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the Plaintiff due to an accident that occurred on February 24, 2020.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

5.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States" and "citizens of a State and citizens or subjects of a foreign state."

### A.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

6.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely

exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

7.

Plaintiff's pleadings are silent as to the amount of damages that Plaintiff seeks. However, Plaintiff's Petition for Damages alleges that Plaintiff, Mary Joy LaCaze, was injured as a result of a fall that occurred on February 24, 2020. Further, Plaintiff alleges that, as a result of the accident, she sustained "serious and permanent injuries," including severe head trauma, back pain, anxiety, distress, depression, and mental anguish. Plaintiff, Mary Joe LaCaze, also alleges she has sustained the following damages: past, present, and future medical expenses; diminished enjoyment of life; lost earnings and/or loss of earning capacity; and loss of consortium.

8.

Based on medical records provided by Plaintiff's counsel before filing this lawsuit, Plaintiff has treated for neck pain, back pain, shoulder pain, and headaches as a result of the February 24, 2020 accident.[1] Plaintiff was diagnosed with cervical disc herniations at C5-6 and C6-7 and underwent two rounds of epidural steroid injections at C6-7.[2] Plaintiff's treating physicians, Dr. Thomas Myers and Dr. Shay Corbin, estimate that Plaintiff will require future medical treatment totaling $93,922.50.[3]

---

[1] Exhibit C, August 4, 2020 Progress Report from Medical Spine Spine and Sports Injury and Rehab Centers.
[2] *Id.*
[3] *Id.*

3

9.

Plaintiff's alleged herniated discs and treatment with epidural steroid injections alone place the amount in controversy at over $75,000, particularly where additional items of special damages are claimed, including past and future lost wages and future medical expenses of at least $93,922.50. General damages in cases involving spinal disc issues with associated treatment with epidural steroid injections regularly exceed the jurisdictional limit.[4] Additionally, plaintiff is alleging a left shoulder injury and underwent an MRI, along with a head injury for which she is treating with a neurologist. One of her doctors has opined that there is a 21% whole person permanent impairment.

10.

Plaintiff's Petition for Damages does not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995). See Also C*osey v. Wal-Mart Louisiana, LLC*, No. CV 19-554-SDD-EWD, 2019 WL 4039620, at *2 (M.D. La. Aug. 27, 2019).

---

[4] See *Martin v. ERMC, II*, 2009-491 (La. App. 3 Cir. 2009); 23 So. 3d 1008 ($103,000 for cervical and lumbar strain with possible spinal pathology and greatly reduced activity, treated with ESIs); *Duchamp v. State Farm Mut. Auto. Ins. Co.*, 2005-339 (La. App. 3 Cir. 2005); 916 So. 2d 498 ($135,000 for herniated discs causing pain over three years and at time of trial with lifetime of conservative treatment and ESIs recommended; surgery not contemplated).

11.

While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B.     COMPLETE DIVERSITY**

12.

Plaintiff, Mary Joy LaCaze, is domiciled in East Baton Rouge Parish, State of Louisiana (see Petition for Damages attached as Exhibit "A").

13.

Defendant, Walmart Stores Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

14.

Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LP, an Arkansas limited partnership with its principal place of business in Bentonville, Arkansas.  The sole member of Wal-Mart Stores East,

LP is its parent company Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

15.

Therefore, there is complete diversity of citizenship between the Plaintiff and the Defendants.

16.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petitions for Damages and Plaintiff's medical records, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

17.

Walmart was served through its agent for service of process, CT Corporation, on September 18, 2020, with Plaintiff's Petition for Damages (See Exhibit "B").

18.

This Notice of Removal is being filed within one year of the filing of the Petition for Damages and within thirty (30) days after first receipt by Walmart of a copy of the initial pleading setting forth the claim or relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

19.

Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States and citizens of a State and citizens or subjects of a foreign state.

20.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21.

No previous application has been made by Walmart in this case for the relief requested herein.

22.

Pursuant to 28 U.S.C. § 1446(a), Walmart has attached a copy of "all process, pleadings, and orders served upon it" in this action. In particular, a copy of the Petition for Damages are attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

23.

Petitioner, Walmart, desires and is entitled to trial by jury of all issues herein.

WHEREFORE, defendants, WALMART STORES, INC. and WAL-MART

LOUISIANA, LLC, hereby remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ Devin Fadaol*
**DEVIN FADAOL (#26878)**
**P. SINNOTT MARTIN (#37218)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
195 Greenbriar Blvd., Suite 200
Covington, LA 70433
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-Mail: cdf@mcsalaw.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 16th day of October 2020.

*/s/ Devin Fadaol*