EAST BATON ROUGE PARISH   C-699335
Filed Sep 04, 2020         26
Deputy Clerk of Court
FAX Received Sep 02, 2020

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: _____                DIVISION: _____

MARY JOY LACAZE

VERSUS

WALMART STORES, INC. AND WALMART LOUISIANA, LLC

FILED: _____          _____
                                 CLERK OF COURT

## PETITION FOR DAMAGES

The Petition of MARY JOY LACAZE ("LACAZE"), a person of majority and domiciled in East Baton Rouge Parish, State of Louisiana, respectfully represents:

1.

Made defendants herein are:

a. WALMART STORES, INC. ("Walmart"), a foreign corporation licensed to do and having a domicile address of 1209 Orange Street, Wilmington, DE 19801, with its principal business establishment in Louisiana at 5615 Corporate Blvd, Ste. 400B, Baton Rouge, LA 70808; and

b. Walmart Louisiana, LLC, ("Walmart"), a foreign corporation licensed to do and having a domicile address of 702 SW 8th Street, Bentonville, AR 72716, with its principal business establishment in Louisiana at 5615 Corporate Blvd, Ste. 400B, Baton Rouge, LA 70808 (collectively "Walmart")

2.

Defendants are justly and truly indebted unto plaintiff for such monetary damages as are reasonable in the premises of this action, together with legal interest thereon from the date of judicial demand until paid, for the following, to-wit:

3.

At all times pertinent, defendants owned and/or operated Walmart Supercenter store number 4683, located at 10550 Burbank Dr, Baton Rouge, LA 70810 ("Store"); said Store being held upon to the public in the normal course of Walmart's retail business.

4.

On February 24, 2020, Mrs. LaCaze was walking into the Walmart Supercenter on Burbank Drive in Baton Rouge to return a product. As she approached the crosswalk, she tripped over an extremely uneven part of the roadway which divides the area where the crosswalk begins.



Certified True and Correct Copy
CertID: 2020090900855

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
9/9/2020 2:30 PM

**EXHIBIT A**

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

5.

The difference in elevation between the roadway and the crosswalk area is two inches and the striping had worn so much that it was not visible at the location where the fall occurred. At the time she fell, the weather was overcast but not raining and she was wearing flat shoes.

6.

LACAZE walked as she normally would and observed her surroundings as a normally prudent customer while walking through the parking lot.

7.

Plaintiff was free from fault in causing or contributing to the incident in any way.

8.

This is not the first fall at the exact same location of this Walmart. Despite actual or constructive notice of the hazardous condition, Walmart failed to exercise reasonable care in warning customers or eliminating the unreasonable risk of harm to plaintiff, LACAZE.

9.

Plaintiff avers that the above described incident and all resulting injuries and damages therefrom were caused solely, by the individual negligence and fault of Walmart, and its employees, in the following, non-exclusive, particulars, which if inconsistent are pleaded in the alternative, among others to be disclosed during discovery or shown at the time of trial, to-wit:

1. Failure to use reasonable care to keep the premises in a safe condition;
2. Failure to maintain or construct the premises in a safe condition for the circumstances presented;
3. Failure to use reasonable care to keep the premises free of hazardous conditions;
4. Failure to warn of potentially unsafe conditions;
5. Failure to implement proper safety, maintenance, or procedures, to address the furniture in the waiting room area;
6. Failure by allowing residents and visitors to be on the premises while in a dangerous condition which could and did cause injuries;
7. Failure to warn the plaintiff of a known dangerous condition;
8. Failure to adequately train an employee to warn of a potentially hazardous and dangerous condition;
9. Failure by having constructive or actual knowledge and not removing a hazardous condition;
10. Failure to timely remedy a known dangerous condition in the waiting room area;
11. Failure to exercise due care and caution under all of the circumstances;
12. Failure to meet generally the standard of care required under the circumstances; and
13. Any and all other acts of negligence and fault to be proven through discovery or at the trial of this matter.



Certified True and Correct Copy
CertID: 2020090900855



East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
9/9/2020 2:30 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

10.

Alternatively, petitioner shows that defendant, Walmart, is negligently liable for damages sustained by plaintiff herein pursuant to La. C.C. Art. 2317, *et seq.*

11.

At the times pertinent herein, Wal-Mart was the owner of, and/or had care, custody, and control over the premises and its defects which caused harm to the plaintiff, LACAZE.

12.

As a result of the fault, negligence, and/or strict liability of the defendants in causing the aforementioned incident giving rise to this lawsuit, plaintiff, LACAZE, sustained serious and permanent injuries. She suffered past and will continue to suffer present and future pain, including but not limited to severe head trauma, back pain, anxiety, distress, depression, mental anguish, loss of consortium. She has incurred and/or will be caused to incur expenses for accident-related medical expenses, past, present, and/or future. She has lost or sustained diminished enjoyment of life, lost earnings, and/or loss of earning capacity; he has been caused to engage an attorney, and he has sustained other general and special damages for which Walmart is justly and truly indebted unto the Plaintiff, as is reasonable in the premises and allowed by law.

13.

Walmart regularly maintained security video cameras in the Store, including video cameras near where the accident occurred. The video of the incident is immediately discoverable because, "*The importance of the videotape's showing of the actual circumstances of the accident, and its assistance to the parties in the search for truth, far outweigh any potential impeachment value.*"[1]

14.

Plaintiff avers that the monetary amount of plaintiff, LACAZE's cause of action herein, exceeds the requisite amount required to grant to and establish the right to a jury trial pursuant to the provisions of La. C.C. art. 1732, thereby entitling him to obtain and granting him the lawful right to obtain a trial by jury on all issues herein.

---

[1] Bell v. Treasure Chest Casino, 2006-1538 (La. 2/22/07) 950 So. 2d 654.



Certified True and Correct Copy
CertID: 2020090900855

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
9/9/2020 2:30 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

15.

In accordance with La. C.C.P. Ann. Art. 1572, Plaintiff requests that this Honorable Court provide written notice, at least ten days in advance of the date fixed for trial or hearing of the case, whether on exceptions, motions, rules or the merits. Plaintiff also requests immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition thereof, as provided by La. C.C.P. Ann. arts. 1913 and 1914, including notice of judgment, in the event that this case is taken under advisement, or if the judgment is not signed at the conclusion of the trial.

**WHEREFORE**, plaintiff, MARY JOY LACAZE, prays that defendants, Walmart Stores, Inc. and Walmart Louisiana, LLC, be served with a copy of this petition, and be duly cite to appear and answer same; and that after due proceedings are had, that there be judgment herein in favor of plaintiff, MARY JOY LACAZE, and against defendants, Walmart Stores, Inc. and Walmart Louisiana, LLC, for such monetary damages as are reasonable in the premises of this action, together with legal interest thereupon from the date of judicial demand until paid, including expert witness fees, and for all such general and equitable relief as the nature of the case may permit.

Respectfully Submitted,
Andrew Murrell Law Firm

BY: _____
J. Andrew Murrell
Bar Roll No. 34003
1955 Carolyn Sue Drive
Baton Rouge, LA 70815
Telephone/Fax No.: (844) 626-3739
Email: Andrew@AndrewMurrell.com

PLEASE SERVE DEFENDANTS AT:

Wal-Mart Stores, Inc.
*Through its registered agent*
CT Corporation System
5615 Corporate Blvd, Ste. 400B
Baton Rouge, LA 70808

And

Wal-Mart Louisiana, LLC
*Through its registered agent*
CT Corporation System
5615 Corporate Blvd, Ste. 400B
Baton Rouge, LA 70808



Certified True and Correct Copy
CertID: 2020090900855

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
9/9/2020 2:30 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EAST BATON ROUGE PARISH   C-699335
Filed Sep 04, 2020              26
Deputy Clerk of Court
FAX Received Sep 02, 2020

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO.:_____     DIVISION:_____

MARY JOY LACAZE

VERSUS

WALMART STORES, INC. AND WALMART LOUISIANA, LLC

FILED: _____    _____
                                    CLERK OF COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public, personally came and appeared:

MARY JOY LACAZE

who, after being duly sworn, did depose and state:

That she the Plaintiff in the above and foregoing *Petition for Damages* and that all allegations contained therein are true and correct to the best of her knowledge, information and belief;

To the best of affiant's knowledge, information and belief, the defendants are not members of the Armed Forces of the United States of America.

_____
MARY JOY LACAZE

SWORN TO AND SUBSCRIBED before me, Notary Public, on this the 24th day of August, 2020.

_____
J. Andrew Murrell
NOTARY PUBLIC
Bar Roll No.: 34003
Commission Expires: Upon Death



Certified True and
Correct Copy
CertID: 2020090900856

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
9/9/2020 2:30 PM